**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ALVIN ARTER and ELIZABETH ARTER** — **PLAINTIFFS**

**v.** — **Case No. 3:26-cv-00167-LPR**

**RICKS RIDES LLC, *et al.*** — **DEFENDANTS**

# ORDER

On July 31, 2026, Defendant Ricks Rides LLC moved to dismiss the Complaint in this case for want of personal jurisdiction.[1] Thereafter, "the lawyers for the Parties met and agreed the most expeditious route for this case is to agree to transfer" this case to federal court in Tennessee, where "the conflict over personal jurisdiction will cease . . . ."[2] The Parties thus formally stipulated to the transfer.[3] Based solely on this Stipulation, and without any comment on whether the receiving federal court has jurisdiction to hear this case, the Court agrees to transfer it.[4] The Court directs the Clerk to immediately transfer the entire case file to the United States District Court for the Middle District of Tennessee (Columbia Division). In light of this Order, the pending Motion to Dismiss (Doc. 6) is DENIED as moot.

IT IS SO ORDERED this 1st day of September 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] Mot. to Dismiss (Doc. 6). The Motion alternatively requested that the Court transfer this case to "the appropriate United States District Court in Tennessee." *Id.* at 1.

[2] Joint Stipulation (Doc. 11).

[3] *Id.*

[4] *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Here, the interests of justice are served because of the parties' stipulation to the transfer. The jurisdiction issue will go away unless raised by the receiving court sua sponte.

Case 1:26-cv-00094 Document 12 Filed 09/01/26 Page 1 of 1 PageID #: 70